Case 4:21-cv-02024   Document 90   Filed on 08/18/23 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *ex rel.* CHRISTOPHER FREY, § | |
|       *Relator,* § | No. 4:21-CV-02024 |
| v. § | |
| § | |
| HEALTH MANAGEMENT § | |
| SYSTEMS, INC., *et al.*, § | |
|       *Defendants.* § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pending before the Court are Defendants' motions for attorney fees. ECF Nos. 80, 81, 82, 83.[1] Defendants seek to recover their attorney fees and expenses under 31 U.S.C. § 3730 because Relator Christopher Frey's dismissed claims were "clearly frivolous, clearly vexatious, and brought primarily for the purposes of harassment." Frey responds that the award of fees pursuant to § 3730 is reserved for rare and special circumstances which are not present here. ECF No. 85. Based on a thorough consideration of the briefing[2] and applicable law, the Court finds

---

[1] The district judge to whom this case is assigned referred the four pending motions for attorney fees pursuant to 28 U.S.C. § 636. Referral Order, ECF No. 84. These motions are appropriate for a report and recommendation. 28 U.S.C. § 636 (b)(1)(A); *see also Smith v. Sanders*, No. 3:12-CV-4377-M, 2018 WL 2164503, at *1 (N.D. Tex. Apr. 12, 2018), *report and recommendation adopted*, No. 3:12-CV-4377-M, 2018 WL 2150735 (N.D. Tex. May 10, 2018).

[2] The motions for attorney fees are as follows: Defendants Health Management Systems, Inc. ("HMS"), ECF No. 80; CGI Federal Inc. ("CGI"), ECF No. 81; Cotiviti, Inc. ("Cotiviti"), ECF No. 82; and Performant Recovery, Inc. ("Performant"), ECF No. 83 (collectively, "Defendants"). Frey filed a response in opposition to Defendants' motions, ECF No. 85. The Defendants filed

1

Defendants' motions should be granted because Frey's lawsuit was clearly frivolous under § 3730.

## I. BACKGROUND

The motions for attorney fees arise out of a *qui tam* case Frey filed on behalf of the United States against Defendants, alleging violations of the False Claims Act, 21 U.S.C.A. §§ 3729–3730. Frey was an employee of HMS from 2006 to 2013. Pl.'s Amend. Compl., ECF No. 55, ¶ 2. Defendants CGI, Performant, and Cotiviti never employed Frey. Frey claimed that Defendants, all of whom were Government contractors performing audit functions for the Medicare program, wrongfully retained unearned contingency fee payments from the Government.[3] Report and Recommendation ("R&R"), ECF No. 67.

The Court issued a report and recommendation, finding that the entirety of Frey's claims should be dismissed with prejudice. *Id.* Specifically, the Court found

---

replies. Cotiviti's Reply, ECF No. 86; Performant's Reply, ECF No. 87; CGI's Reply, ECF No. 88; HMS's Reply, ECF No. 89.

[3] Specifically, Frey alleged that Defendants: "(1) collected contingency fees for the full amount of claims that were denied only in part; (2) collected and retained contingency fees that were subject to appeal; (3) misused extrapolation to deny claims that should not have been denied and collected and retained contingency fees as a result; (4) collected and retained contingency fees for overpayments providers voluntarily paid before receiving recoupment letters; and (5) collected and retained contingency fees for denied claims of less than $25" (collectively, "Unearned Contingency Fee Claims"). R&R, ECF No. 67 at 3 (cleaned up). And "[i]n addition to the Unearned Contingency Fee Claims, the amended complaint also alleges that Defendants improperly retained fees related to a 2014 settlement between the Centers for Medicare & Medicaid Services and acute care and critical access hospitals regarding a dispute over the volume of denied claims" ("Settlement Claims"). *Id.* at 4.

that the Settlement Claims should be dismissed pursuant to the public disclosure bar and because Frey did not allege facts demonstrating he was an original source. *Id.* at 10–11. The Court also found the Unearned Contingency Claims should be dismissed because Frey's allegations failed to meet the particularity requirements of Rule 9(b)—Frey engaged in group pleading, did not identify a representative example of an individual involved in the fraudulent scheme, pled a "conclusory description of how such a scheme might work" without detail as to "how the alleged scheme was in fact carried out," and failed to provide "reliable indicia [leading] to a strong inference Defendants improperly avoided an obligation to pay the Government." *Id.* at 15–23. With regards to these claims, the Court also found that Frey failed to plead scienter because "the amended complaint does not contain any allegations regarding Defendants' lack of systems or procedures to prevent fraud," and Frey's allegations related to scienter were unintelligible. *Id.* at 24–26. And finally, the Court found Frey's conspiracy allegations should be dismissed because his underlying FCA claims were baseless and he failed to plead the existence of any unlawful agreement or overt acts performed in furtherance of the agreement. *Id.* at 26–27.

The Court also recommended denying Frey's request for leave to amend. *Id.* at 27–30. The Court noted that "Frey is a serial litigant, having previously brought two *qui tam* actions against HMS." *Id.* at 28 (citing *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2021 WL 4502275, at *3 (N.D. Tex.

3

Oct. 1, 2021) (describing how the Government declined to intervene in either case)).

The Court stated:

> Although some of Frey's claims survived the motion to dismiss phase in his prior *qui tam* litigation, *United States v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-0920-B, 2022 WL 976161, at *24 (N.D. Tex. Mar. 31, 2022), the claims asserted concerned HMS's practices regarding *Medicaid*—the area in which Frey worked, ECF No. 55 at ¶ 2. That court found Relator sufficiently alleged violations of the FCA against his former employer, HMS. *Health Mgmt. Sys.*, 2022 WL 976161, at *6. However, there Relator gave specific examples of the fraudulent conduct and alleged he raised his concerns throughout his employment with senior management, including specified executives, who never acted to fix the problems he identified. *Id.* at 2. In contrast, his claims here concern the *Medicare* program, an area in which he did not work. Moreover, here Frey has failed to allege facts showing that he had any access to or personal knowledge of HMS's administration of the Medicare program while he was employed there between 2006 and 2013. Further, his claims are based on alleged violations through the present and primarily involve the ten years after his termination from HMS, a time period for which he would not have had access to any inside information for HMS. *See* [*U.S. ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-CV-3396, 2014 WL 2618158, at *16 (S.D. Tex. June 12, 2014), *on reconsideration in part sub nom. Ruscher v. Omnicare Inc.*, No. 4:08-CV-3396, 2014 WL 4388726 (S.D. Tex. Sept. 5, 2014)] (limiting claims to time period Relator was employed). In addition to being outside his area, Frey's claims here also allege FCA violations on the part of three other companies for whom he did not work. Again, his amended complaint and response to the motion do not contain any facts showing that he had personal knowledge about those companies' operations. Frey's failure to identify individuals involved in the alleged fraud, documents supporting his allegations of fraud, or other specific facts supporting his allegations of FCA violations and conspiracy underscores the finding that amending would be futile.

*Id.* at 29–30. The district judge adopted the Court's Report and Recommendation in its entirety, Order, ECF No. 76, and entered a final judgment dismissing all of Frey's

claims, Final Judgment, ECF No. 77.

## II.   AWARD OF ATTORNEY FEES UNDER THE FALSE CLAIMS ACT.

The False Claims Act "is the government's primary litigation tool for recovering losses sustained as the result of fraud." *United States. ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 388 (5th Cir. 2008). It may be enforced in suits filed by the Attorney General, or in *qui tam* lawsuits brought by private individuals in the Government's name. *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 411–12 (2005) (citing 31 U.S.C. § 3730(a) & (b)(1)).

Section 3730(d)(4) permits a prevailing defendant in a *qui tam* case to recover reasonable attorney fees "if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *Id.*; *see also United States ex rel. Stephenson v. Archer Western Contractors*, LLC, No. 12-1043, 2014 WL 1093534, at *4 (E.D. La. Mar. 17, 2014). Here, all claims against Defendants were dismissed and Frey does not dispute that Defendants are prevailing parties. Therefore, the sole issue before the Court is whether his claims were clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

"[T]he award of fees under the false claims act is reserved for rare and special circumstances." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553

F.3d 869, 875 (5th Cir. 2008) (quoting *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002)). A finding of any one of the three criteria, *i.e.,* clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment, is sufficient for an award of attorney fees. *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 448 (W.D. Tex. 2010) (citing *Mikes v. Straus*, 274 F.3d 687, 704–05 (2d Cir. 2001)).

"A claim is frivolous if it has no arguable support in existing law or any reasonably based suggestion for its extension." *United States ex rel. Bain v. Georgia Gulf Corp.*, 208 F. App'x 280, 283 (5th Cir. 2006) (per curiam) (citing *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)); *see also Pfingston*, 284 F.3d at 1006 ("An action is 'clearly frivolous' when 'the result is obvious or the appellant's arguments of error are wholly without merit.'"); *see also Rafizadeh*, 553 F.3d at 875. Dismissal under Rule 12(b)(6) does not necessarily mean that claims are frivolous. *See, e.g., Rafizadeh*, 553 F.3d at 875 (claim was not frivolous, even though the relator's allegations did not meet Rule 9(b)'s standard, because the relator made a *good faith* argument that presentment was not required for § 3729(a)(2) actions); *Stephenson*, 2014 WL 1093534, at *4 (relator's "claims were not so obviously precluded under existing jurisprudence that she can be said to have had no *good faith* basis for her arguments") (emphasis added). An action is "clearly vexatious" or "brought primarily for purposes of harassment" when the relator pursues the

litigation with an improper purpose, such as to annoy or embarrass the defendant. *Pfingston*, 284 F.3d at 1006.

### III. DEFENDANTS' MOTIONS SHOULD BE GRANTED.[4]

Defendants argue that they are entitled to their attorney fees because Frey's claims were clearly frivolous, clearly vexatious, and primarily brought to harass. ECF Nos. 80, 81, 82, 83. Specifically, Defendants argue Frey's claims had no reasonable chance of success because he: (1) "based his claims on public disclosures and was not an original source for his hospital Settlement Claims;" and (2) "had no knowledge of any particular details at all, much less details of any alleged fraudulent scheme, to support his Unearned Contingency Fee Claims." ECF No. 80 at 6. Frey responds that Defendants have not satisfied the extraordinarily high standard to show his claims were clearly frivolous because he made "a colorable legal argument that he was original source and that the public disclosure bar did not apply, and although [the Court] did not find those arguments dispositive, [the Court] nonetheless engaged in legal analysis to address them." ECF No. 85 at 11.

The Court finds that Defendants should be awarded their reasonable fees and expenses because Frey's claims were clearly frivolous.

---

[4] Defendants' motions are simply to determine whether they are entitled to attorneys' fees and expenses. If the Court's recommendation is adopted, the Court will decided a reasonable amount of fees after either the parties' agreement or further submission. *See* ECF No. 79.

### A. Frey's claims were clearly frivolous.

Defendants assert that Frey's claims are clearly frivolous because he "conceded his [] Settlement Claims were based on public disclosures, and his pleadings offered nothing to qualify him as an original source," ECF No. 80 at 6, and his Unearned Contingency Fee Claims "were plagued with . . . conclusory depictions, conclusory allegations, wholly generalized allegations, and pure speculation," *id.* at 8 (internal quotation marks omitted) (citing R&R, ECF No. 67 at 15–23). *See also* ECF Nos. 81 at 2; 82 at 1; 83 at 3. Defendants argue that although Frey asserted that he possessed personal knowledge about Defendants' business practices to "bridge the gap between the publicly available information" and the purported fraud, he offered no such personal knowledge or factual basis in his pleadings because he never possessed such information. ECF Nos. 80 at 6–7; 82 at 3–4 ("Frey was well aware that he knew no facts to support any of his claims against Cotiviti and that all he knew about Cotiviti came from FOIA requests and Cotiviti's public SEC filings. Despite this, he pressed forward. . . .").[5]

---

[5] Defendants who did not employ Frey argue that Frey failed to include facts specific to them. *See* ECF No. 81 at 2 (CGI argues that Frey "guessed" that CGI may have engaged in fraud, and "[d]espite multiple opportunities, [Frey] never identified any false statements made by CGI [], any false records used by CGI [], any individuals at CGI [] who were involved in fraud, or any fraudulent communications in which CGI [] participated"—all of which is "not surprising as Frey never worked at CGI" and "had no interactions with CGI."); ECF No. 82 at 1 ("'The insufficiency of Frey's allegations is even more apparent with regard to the Defendants for whom he did not work' such as Cotiviti, about whom 'Frey does not allege that he has any actual first-hand or second-hand knowledge,' just 'pure speculation.'") (quoting R&R, ECF No. 67 at 22); ECF No. 84 at 3 ("It is no surprise that Frey is otherwise silent about Performant, which is an entity for

8

Frey responds that his pleadings were not clearly frivolous because he presented a colorable legal argument as to his claims. ECF No. 84 at 12. Specifically, Frey asserts that the conclusion that he was not an original source was not "staggeringly obvious"—instead, the record shows that he "cited facts and case precedent and argued that his familiarity with Medicare RAC matters and with the Defendant's [sic] business practices enabled him to bridge the gap between his own knowledge and publicly available information to uncover what he saw as the Defendant's [sic] fraudulent schemes." *Id.* at 12, 13 ("Among other things, he described his significant experience in cost containment and cost recovery in the medical field, explained among other things how he played an integral role in helping HMS secure Medicare RAC business, and asserted that he spent significant time researching HMS's competition in the field."). Frey also contends his claims were not clearly frivolous because: (1) he was able to retain counsel, *id.* at 16; (2) numerous federal law enforcement officials, in addition to members of the U.S. Attorney's Office attended his governmental interview related to the claims, *id.* at 17; and (3) although the United States decided not to intervene in the case, the United

---

which he never worked, and as to which he provides absolutely no indication of how he could have obtained any nonpublic information (and certainly provides no basis to believe that he actually did)."). Frey responds that he "relied on his knowledge of HMS and his personal involvement in its Medicare RAC business, and cited a number of facts in his Second Amended Complaint to support his argument that the other Defendants' business practices were similar (including, among others, that the executives of all the Defendants knew and interacted with each other, that the Defendants learned from one another in their provider outreach programs, and that the Defendants imitated one another in the types of claims they denied)." ECF No. 84 at 15.

9

States "did not move to dismiss the case, as was its prerogative to do so," *id.*

The Court finds the Fifth Circuit's opinion in *U.S. ex rel Bain v. Georgia Gulf Corp.*, 208 F. App'x 280, 283–84 (5th Cir. 2006) instructive. In *Bain*, the Fifth Circuit affirmed the district court's granting of attorney fees under § 3730(d)(4) because the relator's lawsuit was frivolous. *Bain*, 208 F. App'x at 283. Specifically, the Fifth Circuit noted that although the relator was given an opportunity to amend his complaint, he added a "new direct false claim. . . [and] failed to satisfy a number of jurisdictional and procedural prerequisites under the FCA." *Id.* The Fifth Circuit found that the relator's claims were frivolous because his complaint was "based at least in part on publicly disclosed information and prior litigation and that [the relator] had failed to prove he was an 'original source of the information, and [the relator's] new direct claim, pleaded after the district court apprised [the relator] of the heightened pleading requirements and allowed him to amend, failed to comply with heightened pleading requirements for claims of fraud under the FCA as required by Rule 9(b)." *Id.* at 283–84 (internal quotation marks omitted). The Fifth Circuit concluded: "[t]aken together, [the relator's] overwhelming failure to establish subject matter jurisdiction and satisfy pleading requirements—even after the district court gave notice of heightened pleading requirements before the amended complaint was filed—leads us to conclude that the district court did not abuse its discretion in determining that [the relator's] suit was frivolous or vexatious." *Id.*

Substantially similar circumstances are present in the instant case. Frey amended his pleadings twice in this case. ECF Nos. 25, 55. Frey filed his Second Amended Complaint after Defendants filed their motions to dismiss, wherein they meticulously outlined the issues with Frey's claims—namely that his claims were based on publicly disclosed information, he failed to establish himself as an original source, and his allegations failed to meet the heightened pleading standard of Rule 9(b). *See* ECF Nos. 41, 42, 43, 45. But, Frey's amendment did not correct these deficiencies. As the Court found in its Report and Recommendation, Frey's allegations in his Second Amended Complaint failed to establish that his claims were not barred by the public disclosure bar or that he was not an original source, and further failed to meet the heightened pleading standard of Rule 9(b). *See* R&R, ECF No. 67. Frey continued to pursue his claims without meaningful amendment, even after apprised of these deficiencies. Based on Fifth Circuit precedent, Frey's lawsuit was clearly frivolous. *See Bain*, 208 F. App'x at 284; *see also Martel v. Maxxam Inc.*, No. 99–20476, 211 F.3d 594 (5th Cir. March 23, 2000) (court awarded attorney fees where the relator's *qui tam* claims were based on publicly disclosed information of which relator was not the original source).

Frey's assertion that his claims were not clearly frivolous because he presented a colorable legal argument is unsupported by the record. In the Report and Recommendation, the Court found that his assertion of being an original source void

of any allegations of "any additional compelling fact or a new and undisclosed relationship between disclosed facts," as is required. R&R, ECF No. 67 at 13. The Court utilized Frey's cited cases to demonstrate that, even though he had knowledge of those opinions, his own allegations failed to meet the requirements enumerated in his cited law, *id.* at 14—if anything, knowledge of those cases further underscores the point that Frey knew what he needed to establish for a successful claim and wholly failed. Further, the Court's finding that Frey's allegations failed to meet Rule 9(b)'s heightened pleading requirements was not a close call. *Id.* at 16–18. Instead, the Court found Frey's complaint entirely excluded facts in support of certain elements and utilized group pleading, *id.* at 19–27, and even if Frey did include certain facts, they would still subject his claims to dismissal, *id.* at 21–22 (dismissal still warranted even if facts pleaded because they would postdate Frey's employment with HMS). Additionally, Frey's arguments that he hired a lawyer, had an additional audience at his Government meeting, and the Government did not seek to dismiss his suit dismissed are all unsupported by case law and are unavailing in light of Fifth Circuit authority.

None of Frey's cited cases alter the Court's conclusion—these cases are either contrary to Fifth Circuit precedent,[6] do not address the public disclosure bar and

---

[6] *See Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 307 (S.D.N.Y. 2013); *U.S. ex rel. Rosner v. WB/Stellar IP Owner, L.L.C.*, 739 F. Supp. 2d 396, 408 (S.D.N.Y. 2010).

subsequent failure to establish relator as an original source,[7] or involve different circumstances than those present herein. For example, Frey cites *United States ex rel. Guzder v. MKM Engineers, Inc.*, No. CV H-05-895, 2010 WL 11595341, at *3 (S.D. Tex. June 15, 2010), as support. However, in that case, the court found the relator's case was not clearly frivolous because the mere failure to state a claim was insufficient and the "circumstances as alleged were very complex, with little reason to conclude that [the relator's] allegations were entirely without merit," and "much of the debate in the motions to dismiss centered on the proper legal theory underlying an FCA lawsuit, rather than on [the relator's] lack of detail in the recitation of specific facts." *Guzder*, 2010 WL 11595341, at *3. As detailed above, this case was not complex, nor was the Court's Report and Recommendation focused on extensive

---

[7] *See United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc.*, No. CV 14-8850-JFW (EX), 2018 WL 6258893, at *2 (C.D. Cal. Feb. 6, 2018) (denying motion for attorney fees where relator based his claims on a split in authority, finding that "[a]lthough the Court was not persuaded by these cases and found them easily distinguishable, these cases provide at least a minimal basis for Plaintiff to argue in good faith that her claims are viable under the FCA."); *McGrath on behalf of United States v. Microsemi Corp.*, No. CV-13-00864-PHX-DJH, 2017 WL 6626194, at *3 (D. Ariz. Feb. 2, 2017) (court denied motion for attorney fees facts could have led the relator to reasonably believe he had a viable claim); *U.S. ex rel. Cox v. Gen. Dynamics Armament & Tech. Products, Inc.*, No. 4:07CV3264, 2010 WL 2218614, at *12 (D. Neb. May 28, 2010) ("Although the FCA claim is implausible on its face because Cox has not alleged any facts to establish that GDATP sought payment from the government for defective products and parts, the claim is not clearly frivolous."); *U.S. ex rel. Cullins v. Astra, Inc.*, No. 09-60696-CIV, 2010 WL 3008833, at *3 (S.D. Fla. July 28, 2010) (denying motion for attorney fees in part because the relator "had personal knowledge of her claims"); *Gonzalez v. Planned Parenthood of Los Angeles*, No. CV0508818BROFMOX, 2015 WL 12659936, at *13 (C.D. Cal. Feb. 4, 2015) ("Thus, although ultimately implausible, Plaintiff's scienter allegations were not so devoid of factual support as to render the FCA claims clearly frivolous."); *United States ex rel. Donegan v. Anesthesia Associates of Kansas City, PC*, No. 4:12-CV-0876-DGK, 2015 WL 12839127, at *1 (W.D. Mo. July 23, 2015) (denying motion for attorney fees where "there was some factual basis for Relator's claims.").

research and debate into the proper legal theory underlying Frey's FCA claims. *See* R&R, ECF No. 67.

The Court finds that Frey's lawsuit was clearly frivolous. *See Bain*, 208 F. App'x at 284; *see also Martel*, 211 F.3d 594. Accordingly, Defendants' motions for attorney fees should be granted.[8]

### B. As the prevailing party, Defendants are entitled to their reasonable expenses.

Defendants also request their expenses. *See* ECF Nos. 80, 81, 82, 83. Federal Rule of Civil Procedure 54(d)(1) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." "The Fifth Circuit has consistently held that this language 'contains a strong presumption that the prevailing party will be awarded costs.'" *United States ex rel. Jehl v. GGNSC Southaven, LLC*, No. 3:19-CV-091-NBB-JMV, 2023 WL 2668514, at *4 (N.D. Miss. Mar. 28, 2023) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)). "In fact, the prevailing party is 'prima facie entitled to costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793 (quoting *Schwarz v.*

---

[8] HMS also argues that Frey's claims were intended to harass HMS because Frey, as a former HMS employee, has filed numerous lawsuits against HMS since his termination from employment nearly ten years ago. ECF No. 80 at 1. Frey responds that HMS failed to show that his claims were brought primarily to harass because he did not engage in the egregious behavior typically depicted in the cases granting fees under these criteria. ECF No. 85 at 17. Because "[a] finding of any one of the three criteria, i.e., clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment, is sufficient for an award of attorney fees," the Court does not reach the remaining argument that Frey's underlying claims were clearly vexatious and brought primarily to harass. *See Gonzalez*, 761 F. Supp. 2d at 448.

*Folloder*, 767 F.2d 125, 131 (5th Cir. 1985))). "It is 'incumbent on the losing party to overcome that presumption since denial of costs is in the nature of a penalty.'" *Id.* (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)). Here, Frey has failed to address, much less overcome the strong presumption that costs should be allowed to Defendants, the prevailing parties in this case. Accordingly, Defendants are entitled to their expenses. *See id.*

### IV.   CONCLUSION

The Court recommends that HMS's Motion for Attorney Fees, ECF No. 80, CGI's Motion for Attorney Fees, ECF No. 81, Cotiviti's Motion for Attorney Fees, ECF No. 82, and Performant's Motion for Attorney Fees, ECF No. 83, be **GRANTED.**

Should Judge Ellison adopt the recommendation herein that Frey is liable for Defendants' reasonable attorney fees and expenses, the Parties shall meet and confer on the amount of fees within fourteen days of adoption and advise the Court of resolution (or not) on the amount of fees and proposed next steps, if needed. *See* Order, ECF No. 79.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual**

findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

**SIGNED** at Houston, Texas, on August 18, 2023.

 

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**